Filed 4/3/13  P. v. Harris CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

     Plaintiff and Respondent,

v.

DONTA DEMETRUS HARRIS,

     Defendant and Appellant.

E055516

(Super.Ct.No. RIF142633)

OPINION

APPEAL from the Superior Court of Riverside County.  Gary B. Tranbarger, Judge.  Affirmed.

Richard de la Sota, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Andrew Mestman and Steve Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

Following a jury trial, defendant and appellant Donta Demetrus Harris was convicted of one count of first degree murder and three counts of willful,

1

deliberate and premeditated murder. On this appeal, he contends the sentencing court erred in staying rather than striking a three-year enhancement for personally inflicting great bodily injury on one of the surviving victims. We disagree and affirm the conviction.

## FACTUAL AND PROCEDURAL BACKGROUND

When a fracas developed at a basketball court among several individuals, defendant fired several shots into a group of men. He shot four men, killing one and inflicting crippling injuries on another.

As a result, he was charged with one count of murder (Pen. Code, § 187, count 1),[1] and three counts of willful, deliberate and premeditated attempted murder (§§ 187/664, counts 2-4). As to each of the four counts, it was alleged that the defendant personally and intentionally discharged a firearm, causing death or great bodily injury. (§ 12022.53, former subd. (d).) As to count 2, the amended information alleged that the defendant personally inflicted great bodily injury upon the victim who sustained a paralyzing injury. (§ 12022.7, subd. (a).) It was also alleged that defendant had suffered a prior strike conviction.

Following a jury trial, defendant was found guilty of one count of first degree murder, and three counts of attempted deliberated murder. The allegations that defendant had discharged a firearm, causing death or great bodily injury under section 12022.53, former subdivision (d), were found true as to each count. The verdict forms did not contain a separate finding that defendant personally inflicted

---

[1] Statutory references are to the Penal Code unless otherwise stated.

great bodily injury upon the victim in count 2. After a bench trial, the trial court subsequently found the prior strike conviction to be true.

Defendant was sentenced to a 114-year-to-life term, composed as follows: for count 1, 25 years to life, doubled as a result of the prior strike, plus 25 years to life based on the enhancement under section 12022.53, former subdivision (d); for count 2, 14 years to life, plus another 25 years to life for the enhancement under 12022.53, former subdivision (d). The court also imposed a three-year term for the enhancement under section 12022.7 for count 2, but stayed the sentence under section 654. The sentences for counts 3 and 4 were ordered to run concurrently.

## ISSUE

The sole issue defendant raises on this appeal is that the trial court should have stricken the three-year enhancement as to count 2 for inflicting great bodily injury under section 12022.7, subdivision (a), because the jury did not render a verdict as to that specific enhancement.

The People argue that the amended information properly charged the enhancement, and the jury found the necessary operative facts to justify its imposition.

## ANALYSIS

Section 12022.7, subdivision (a), reads as follows: "Any person who personally inflicts great bodily injury on any person other than an accomplice in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for three years."

3

Defendant contends that the trial court had no authority to impose a term of imprisonment for this enhancement as to count 2 because it was neither admitted nor found to be true by the trier of fact. In this case, the trial court failed to instruct the jury with respect to the section 12022.7 allegation or to provide the jury with an appropriate verdict form.

The People counter that the jury found defendant guilty for deliberate and premeditated attempted murder with respect to this count. As it indicated on the verdict form, the jury found that with respect to this count, defendant did intentionally discharge a firearm causing great bodily injury or death in the commission of count 2. The People contend that the jury was not required to render a special true finding in order for the court to impose the enhancement. Section 1170.1, subdivision (e), merely requires that the enhancement be found true by the trier of fact, but there is no express requirement of a separate finding. It submits that the findings that the jury did make are sufficient to show under the facts of this case that it found defendant personally inflicted great bodily injury during the commission of the attempted murder alleged in count 2. We agree.

A finding that the section 12022.53, former subdivision (d) enhancement is true does not in theory necessarily mean that the section 12022.7 enhancement is also true. In order for the section 12022.53, former subdivision (d) enhancement to be true, the defendant has to personally and intentionally discharge a firearm during the commission of an enumerated felony and proximately cause death or great bodily injury to another person. The elements of the section 12022.7

4

enhancement require that the jury find that the defendant personally inflicts great bodily injury during the commission of a felony. "Proximately causing" and "personally inflicting" injuries are two different things. (*People v. Bland* (2002) 28 Cal.4th 313, 336-337.) As the Supreme Court has explained, for example, an aider and abettor of a crime can commit a direct act, such as affirmatively blocking a victim's exit, which proximately causes injury but does not constitute personal infliction of an injury. (*People v. Bland*, *supra*, 28 Cal.4th at p. 337; *People v. Cole* (1982) 31 Cal.3d 568, 571.)

Although we agree with defendant that there is a distinction in theory between the elements of these enhancements, the jury's verdict in this case reveals that it found to be true the factual elements of both the 12022.7 enhancement, as well as the 12022.53, former subdivision (d) enhancement. Here, defendant was the only shooter, and the conclusion is inescapable that he personally as well as proximately caused the injury to the victim. In light of the information, evidence, and its express findings, it is clear that the jury found the facts necessary to find defendant personally inflicted great bodily injury on the victim alleged in count 2. (See *People v. Bautista* (2005) 125 Cal.App.4th 646, 654-656.) Moreover, any error in failing to instruct the jury or have it make a specific finding on the section 12022.7 enhancement was harmless beyond a reasonable doubt. (*People v. Marshall* (1996) 13 Cal.4th 799, 849-852; *People v. Prieto* (2003) 30 Cal.4th 226, 254-255 [failure to submit question of great bodily injury to jury held harmless where defendant murdered victim].)

5

<u>DISPOSITION</u>

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

KING _____
Acting P. J.

We concur:

MILLER _____
J.

CODRINGTON _____
J.